IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MAXINE GRIDER, )
)
     Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
CHESTER Z. GATES, et al., ) 97-C-2562-S
)
     Defendants. )

**MEMORANDUM OF OPINION DENYING MERRILL LYNCH'S
MOTION TO COMPEL ARBITRATION**

    In this securities action, defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") has moved the court to compel arbitration of the plaintiff Maxine Grider's claims. For the reasons which follow, the motion must be denied.

I

    The plaintiff claims that the defendant Merrill Lynch, its Financial Consultant Brenda Lawson, Chester Gates, and Jerry L. Revalee defrauded her of over $1,000,000.00 through the solicitation and sale of allegedly bogus "prime bank securities."

    There is no arbitration agreement between the plaintiff and Merrill Lynch.

    Gates has never been a representative of Merrill Lynch. He is the authorized agent and "administrator" of Financial Holding Corporation ("FHC"). FHC is not a party to this lawsuit.

    In 1994, the plaintiff and FHC entered into a written agreement under which the plaintiff, for the purposes of securities

investments, transferred a million dollars into a deposit account controlled by FHC. The agreement contains, *inter alia*, the following provision:

> Any claim or controversy arising out of or relating to this AGREEMENT, or arising out of or relating to the parties, or the rights and obligations of the parties shall be settled and determined by arbitration in the County of Jefferson, State of Alabama, according to the rules of the Superior Court of said County

¶ 15, Exhibit A, Merrill Lynch's Motion to Compel Arbitration.

FHC dissolved in December 1995.

The plaintiff vigorously resists Merrill Lynch's motion to compel arbitration. She denies the existence of any agreement to arbitrate the claims involved in this action.

II

Notwithstanding the strong national policy favoring arbitration, the law "does not require the parties to arbitrate when they have not agreed to do so." *Volt Info. Servs., Inc. v. Board of Trustees*, 489 U.S. 468, 478. "Simply put, the parties cannot be forced to submit to arbitration if they have not agreed to do so." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992).

Here, the plaintiff never agreed to arbitrate her claims against Merrill Lynch. Indeed, she did not agree to arbitrate her

claims against Gates in his personal capacity. Her arbitration obligation extends exclusively to FHC. There is no evidence, indeed, no contention, that Merrill Lynch stands in privity with FHC.

Having never agreed to arbitrate her Merrill Lynch claim, the plaintiff is not required to submit to arbitrators what would otherwise be an arbitrable issue. *Wheat, First Sec. Inc. v. Green*, 993 F.2d 814, 819 (11th Cir. 1993).

The Merrill Lynch Motion to Compel Arbitration will be denied.

DONE this 10th day of June, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

3