FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JUL 12 PM 1:33

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

JUL 1 2 1999

| | | |
|---|---|---|
| MAXINE GRIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| CHESTER Z. GATES, et al., | ) | 97-C-2562-S |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION ON DEFENDANT
## JERRY REVALEE'S MOTION FOR NEW TRIAL/REMITTITUR

This case involves a flagrant fraudulent investment scheme. The defendant Jerry Revalee induced the plaintiff to invest $1,000,000.00 in nonexistent "prime bank obligations." Based on the evidence, the jury found in favor of the plaintiff and awarded $3,689,920 in compensatory damages and $24,000,000.00 in punitive damages. When it returned its verdict, the jury was aware that the plaintiff had settled her claims against two of the other defendants for a total of $1,300,000.00. Revalee has moved for a new trial and, in the alternative, a remittitur of the punitive damages.

Revalee first contends that the jury's verdict is contrary to the great weight of the evidence. The contention is without merit. Abundant evidence supports the jury's finding that Revalee defrauded the plaintiff and that she suffered substantial compensatory damages. The new trial motion will be denied.

Revalee's next contention is that the punitive damage award is excessive, and that the Court should order a remittitur. Upon a consideration of the siminal decision in <u>Gore v. BMW</u>, 517 U.S. 559 (1996), the Court concludes that the second contention is likewise without merit. The egregiousness of Revalee's misconduct was fully shown by the evidence. While Revalee's financial condition was not proven to a mathematical certainty, the jury was presented with evidence that Revalee estimated his net worth to be $30,000,000 in the period contemporaneous with the fraudulent scheme. The punitive damage award assessed by the jury is roughly five times the amount of the total compensatory damages sustained by the plaintiff. It therefore bears a reasonable relationship to the compensatory damages.

The motion will be denied on all grounds asserted.

DONE this 12th day of July, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON